IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FRANK MASSENGILL,

    Petitioner,

v.                                                                                                                                     No. 1:16-cv-01147-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Frank Massengill, has filed a motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (D.E. 1.) For the reasons that follow, the Petition is DENIED.[1]

In April 2013, Massengill pleaded guilty in the United States District Court for the Western District of Tennessee to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (*United States v. Massengill*, No. 1:13-cr-10015-JDB-1 ("No. 13-cr-10015"), D.E. 15.) He was determined to be subject to an increase in his offense level under § 2K2.1 of the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), based on a Tennessee conviction for aggravated assault, and two Tennessee controlled substance offenses. (Presentence Report at ¶¶ 28, 30, 31.) In July 2013, the Court imposed a sentence of 77 months of incarceration

---

[1] Unless otherwise noted, record citations are to Case No. ("No.") 1:16-cv-01147-JDB-jay.

and three years of supervised release. (No. 13-cr-10015, D.E. 21.) Massengill did not take a direct appeal.

In 2016, the inmate filed his Petition, asserting that the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered invalid his designation as a career offender. (D.E. 1 at PageID 4.) More recently, he submitted the additional argument that the decision in *Session v. Dimaya*, 138 S. Ct. 1204 (2018), also supports his position that he no longer qualifies as a career offender. (D.E. 8 at PageID 38.)

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the [petition] any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the" petition. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

In *Johnson*, the Supreme Court held that the residual clause contained in the Armed Career Criminal Act's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally void for vagueness. 135 S. Ct. at 2257. Therefore, an enhanced sentence under the residual clause violates due process as guaranteed by the Fifth Amendment. *Id.* In *Dimaya*, the Supreme Court extended its holding in *Johnson* to the definition of "crime of violence" under 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43). 138 S. Ct. at 1210-11.

*Johnson* and *Dimaya* do not entitle Petitioner to relief from his enhanced sentence. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the advisory Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, because "the advisory Guidelines do not fix the permissible range of sentences," they "are not subject to a vagueness challenge under the Due Process Clause." *Id.* The decision in *Dimaya* does not disturb that ruling, as it "does not address the definition of 'crime of violence' as used in the United States Sentencing Guidelines." *Owens v. United States*, No. 1:13-CR-141, 2019 WL 1261114, at *2 (E.D. Tenn. Mar. 19, 2019) (rejecting petitioner's argument that *Dimaya* abrogated *Beckles*); *cf. United States v. Hamilton*, No. 15 CR 390, 2019 WL 764801, at *2 (N.D. Ohio Feb. 21, 2019) (rejecting petitioner's argument that *Dimaya* "reset the one-year limitations period," since "*Dimaya* [did not] appl[y] in any way to" petitioner's vagueness challenge to U.S.S.G. § 2K2.1).

Because the claim is without merit, the Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 18th day of April, 2019.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.